**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDRE FELIX, individually and on behalf of all others similarly situated, | : | CASE NO. 2:25-cv-01695-JMY |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CONNECTAMERICA.COM, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____/ | | |

## JOINT REPORT OF RULE 26(F) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on May 14, 2025 and submit the following report of their meeting for the court's consideration:

**1.        Discussion of Claims, Defenses and Relevant Issues**

### *Plaintiff's Statement*

#### *Summary of Claims*

The Plaintiff alleges that ConnectAmerica.com, LLC ("ConnectAmerica") made pre-recorded calls in alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

#### *Factual Background*

ConnectAmerica uses recorded messages to attempt to collect debts owed by third parties. However, the Plaintiff does not have any relationship with ConnectAmerica. ConnectAmerica apparently does not utilize the Reassigned Number Database maintained by the FCC to let companies know when a consumer has changed phone numbers. As a result, Defendant sent out pre-recorded calls to the Plaintiff and others who had acquired new telephone numbers despite the

1

fact that they allegedly had no relationship with ConnectAmerica and received recordings such as the below:

> Update the payment method on your account. Your protection is important to us. To avoid any potential disruption in your services, please call us at 800-766-7790 or press 1 to speak with an agent now.

Because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff has brought suit on behalf of a proposed nationwide class of other persons who received similar calls.

<u>*Summary of Issues and Discovery Needed*</u>

The primary issues in the case are (1) the propriety of Class Certification; and (2) Whether ConnectAmerica utilized the Reassigned Number Database or utilized other means to ensure that it was only contacting its customers.

The Plaintiff anticipate that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support their anticipated motion for class certification as well as the merits of Plaintiff' TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intend to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

## *Defendant's Statement*

### *Summary of Claims*

Plaintiff Andre Felix, on behalf of himself and a putative class, alleges that ConnectAmerica.com, LLC ("ConnectAmerica") uses an artificial or prerecorded voice in connection with non-emergency class it places to telephone numbers belonging to individuals who have not provided prior express consent. Plaintiff claims this constitutes a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

### *Factual Background*

The numbers contacted by ConnectAmerica belonged at one point to customers who had provided consent to be contacted. Questions regarding the manner of consent being provided and the timing of when consent was provided or revoked (as in the case when a number previously indicated as having provided consent was reassigned to someone who subsequently removed consent) must be evaluated prior to any determination of liability as to Mr. Felix's claims pertaining to the number identified in the Complaint. These questions continue to the class issues and predominate over any common factual question.

To the extent any violations of the TCPA did occur, the number of the putative class members is insufficient to meet the numerosity requirement under Federal Rule of Civil Procedure 23. Furthermore, issues with prior and express consent for each number would predominate over common factual questions, which itself is a separate basis for why class treatment is inappropriate.

### *Summary of Issues and Discovery Needed*

The primary issues in the case are (1) Whether the actions of ConnectAmerica or any of its affiliates with regard to calls constitutes a violation of the TCPA; (2) whether any violation that did occur constitutes a $500 or $1500 violation of the TCPA; and (3) whether class certification is appropriate.

ConnectAmerica agrees with the summary of discovery set forth by Plaintiff.

2.      **Informal Disclosures**

*__Joint Statement__*

The Plaintiff provided his initial disclosures on May 9, 2025 and have not reached any other agreements on informal disclosures.

3.      **Formal Discovery**

*__Joint Statement__*

The parties agree that all discovery conducted in the case will be conducted formally, and will need to include written Interrogatories, Requests for Production, Requests for Admission, and depositions. The parties reserve their right to seek other forms of discovery should the circumstances warrant them.

Given the complex nature of the case and the need for expert discovery as to both class certification issues and the merits, the parties believe there are compelling reasons for a discovery period longer than 120 days. The parties believe discovery of information relevant to Rule 23's requirements for class certification will take significant time.

The parties therefore propose the following case management/discovery schedule:

- Fact Discovery Deadline: February 9, 2026
- Expert Disclosures: March 6, 2026
- Expert Discovery Deadline: June 4, 2026
- Class Certification Motion: July 1, 2026
- Class Certification Opposition: July 31, 2026
- Merits Fact Discovery Deadline and Merits Expert Disclosure and Discovery Deadlines: To be decided upon resolution of the motion for class certification.
- Dispositive Motion Deadline: To be entered upon resolution of the motion for class certification.

In order to preserve electronically stored information (ESI), the parties have placed a litigation hold on all potentially relevant ESI (including email communications) and have agreed to

produce data as .csv files and all other ESI as text-searchable .pdf files, or other commercial readable or native format when .pdf format cannot be used. The parties further agree that they will bear their own costs for the production of ESI.

**4.    Expert Witness Disclosures**

*Joint Statement*

The parties have agreed to an expert discovery schedule as set forth above and agree that expert discovery is relevant to class certification. The parties further agree that depositions of experts will be necessary.

**5.    Early Settlement or Resolution**

*Joint Statement*

Counsel for the parties have discussed the possibility of early resolution through ADR with their clients and with opposing counsel. The parties agree that discovery into class certification issues is needed before meaningful settlement discussions can occur.

The parties have agreed to discuss further possibilities for resolution through ADR as the case progresses and expect that private mediation will likely be the most successful form of ADR when the time is right.

**6.    Magistrate Jurisdiction**

*Joint Statement*

The parties do not unanimously consent to transfer jurisdiction to a U.S. Magistrate Judge.

**7.    Trial date**

*Joint Statement*

The parties request the Court set a trial date upon resolution of Plaintiff's motion for class

certification.

**8.    Other Matters**

<u>***Joint Statement***</u>

None.

Dated:  June 17, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

*/s/ Gregory P. Graham*
Gregory P. Graham, Esquire
PA ID #317205
Danielle M. Vugrinovich, Esquire
PA ID #88326
MARSHALL DENNEHEY, P.C.
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
412-803-1185
gpgraham@mdwcg.com
dmvugrinovich@mdwcg.com

*Attorneys for Defendant*
*ConnectAmerica.com, LLC*